IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JOHN ANTONELLI,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-13-674-R |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**I.     Plaintiff's complaint.**

John Antonelli (Plaintiff) seeks judicial review of the Defendant Acting Commissioner's (Commissioner) final decision denying his applications for disability insurance benefits and supplemental security income payments under the Social Security Act.  Doc. 1, at 1.  United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b).  Upon review of the pleadings, the administrative record (AR), and the parties' briefs, the undersigned recommends the Commissioner's final decision be affirmed.

**II.    Determination of disability.**

The Social Security Act defines "disability" as the "inability to engage in

any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff shows he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

III. **Analysis.**

    A. **The parties' contentions.**

        1. **Plaintiff's opening brief.**

Plaintiff explains that the Administrative Law Judge (ALJ) who heard his

case found that his residual functional capacity (RFC)[1] to perform light work was restricted, in part, due to his "limited ability to perform reaching movements, including overhead reaching with the right upper extremity." Doc. 10, at 3. At the administrative hearing, however, though the vocational expert (VE) initially testified that an individual with this limitation could perform available work as a small products assembler and fast food worker, she "then later recanted such testimony as being wrong because of the reaching limitation." *Id.* Nonetheless, "the ALJ listed the recanted jobs despite there remaining no substantial evidence or foundation for such jobs." *Id.* As a result, "there is no substantial evidence for the step five decision that the jobs listed by the ALJ exist for a person with [Plaintiff's] limitations." *Id.* at 2.

Plaintiff also claims that the ALJ's step five decision is further eroded because the VE "testified that her testimony did not conflict with the Dictionary of Occupational Titles (DOT). (TR 49). That is false. The DOT does not speak to the issue of overhead reaching or limitations as to reaching." *Id.* at 4. Plaintiff argues that "[s]ince the burden shifts to the Commissioner to prove that jobs exist at step five of the five step sequential evaluation, and since there are no such jobs properly listed in the decision, it fails the substantial evidence

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

standard." *Id.*

Finally, according to Plaintiff, "[w]hile there are other errors contained within the decision, this one is so glaring, and eliminates the underpinnings of the decision such that it cannot recover, they will therefore not be discussed herein." *Id.*

### 2. The Commissioner's response.

The Commissioner concedes the ALJ's error but submits it is harmless, pointing to the fact that

> Plaintiff failed to inform this Court that after recanting his [sic] prior testimony, the VE identified another job the Plaintiff could perform based on the ALJ's hypothetical that included no more than occasional reaching . . . . The VE then identified the job of bakery worker, which comprised 1,150 positions in Oklahoma and 239,550 positions in the national economy (Tr. 50). The VE noted that this was simply one representative job of several jobs that Plaintiff would be able to perform based on the ALJ's hypothetical question (Tr. 50). Thus, it is clear that the ALJ's reference to the other two jobs is nothing more than a transcription mistake that does not rise to the level of reversible error.

Doc. 11, at 4 (footnote omitted). By footnote, the Commissioner adds that "[t]he Tenth Circuit has held that only 152,000 jobs in the national economy was a significant number of jobs to deny a Social Security disability claim." *Id.* at n.1.

In response to Plaintiff's claim that the VE falsely testified that her overhead reaching testimony does not conflict with the DOT, the Commissioner explains that "[b]y definition, if the DOT is silent as to certain limitations, the

4

VE's testimony cannot conflict with the DOT, and the ALJ can find the VE's testimony is consistent with the DOT." *Id.* at 5.

### 3. Plaintiff's reply brief.

Plaintiff acknowledges "that the VE testified to the job the Commissioner referenced was testified to in the hearing (bakery worker)," but argues, correctly, that "that job didn't make it to the decision." Doc. 12, at 1. He submits "[t]he Commissioner cannot now substitute or add that to this opinion. He [sic] can't supply missing findings to the decision. The government essentially completes this ALJ decision in the proper manner it has solely determined he must have meant. That can't be done at this time; it's too late." *Id.* at 1-2. In Plaintiff's words, "the government's attempts to use *post-hoc* rationalization to resuscitate an opinion that would need oxygen to even be on life-support renders futile the validity of the opinion, much less the Commissioners [sic] valiant efforts expended on her responding brief." *Id.* at 3.

### B. The final decision of the Commissioner.

In seeking judicial review, Plaintiff, now represented by attorney Miles Mitzner, alleges that the Social Security Administration "Appeals Council denied his request for review [of the ALJ's decision] by an Order dated October 24, 2012, and thus, the decision of the ALJ became the final decision of the Commissioner. (TR 1-8)[.]" Doc. 10, at 1. To the contrary, the Appeals Council notified Plaintiff

5

on August 28, 2012, that "**We Have Granted Your Request for Review.**" AR 60-64, at 60.[2] The Appeals Council advised Plaintiff that they had found an error of law in the case, explaining that

> [t]he Administrative Law Judge's decision found . . . that you have not been under a disability since October 25, 2005; however, the decision does not contain the pertinent findings and conclusions that must be made in determining whether or not a successful adjustment to other work can be made at step 5 of the sequential evaluation process(20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). At step 5 of the sequential evaluation process, the Administrative Law Judge determined that there were jobs existing in significant numbers in the national economy that you could perform and found you "not disabled" under Medical-Vocational Rule 202.21 based on your residual functional capacity to perform light work. However, your ability to perform all of the requirements of this level of work was impeded by additional limitations. The Administrative Law asked the vocational expert whether there were jobs existing in the national economy that you could perform based on your age, education, work experience and residual functional capacity. The vocational expert testified that you would be able to perform the requirements of occupations such as a small products assembler and fast food worker (Finding 10). *However, the vocational expert recanted her testimony and stated that you would not be able to perform these jobs because they required frequent reaching. In response to questioning from your representative, the vocational expert did cite one job that did not require frequent reaching that you would be able to perform. This job was classified as a bakery worker.* The vocational expert also testified at the

---

[2] When the ALJ notified Plaintiff that he had made an unfavorable decision in Plaintiff's case, he advised Plaintiff of his right to appeal the decision to the Appeals Council. AR 9-11. The ALJ informed Plaintiff that the Appeals Council could either deny the appeal; return the case to an ALJ for a new decision; issue its own decision; or dismiss the case. *Id.* at 10. Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. *Id.* at 122-25.

> hearing that there were 239,550 bakery worker jobs available in the national economy and 1,150 jobs available in the State of Oklahoma. *The hearing decision mistakenly listed the small products assembler and fast food worker occupations as jobs you could perform instead of the bakery worker occupation.*
>
> Accordingly, the Appeals Council is prepared to adopt the Administrative Law Judge's findings with respect to steps 1 thru 5 of the sequential evaluation process. *In addition, we plan to adopt the findings contained in the vocational expert's testimony regarding your ability to perform the occupation of bakery worker in the national economy.*

*Id.* at 61 (emphasis added).

In response to the Appeals Council's invitation to "send us more evidence or a statement about the facts and the law in your case within 30 days from the date of this letter," *id.*, Plaintiff's counsel at the time, Ryan Pack, asked the Appeals Council to "consider our position presented to the [ALJ] in our post hearing proffer[3] that the case was not fully developed." AR 245. In addition, attorney Pack raised other possible deficiencies in the ALJ's decision with regard to Plaintiff's mental health limitations; to the ALJ's consideration of an opinion from Maria Villar; and to the fact that the VE testified that there were only 1150 bakery jobs in Oklahoma and this "is not a significant number as required at step 5." *Id.*

On October 24, 2011, the Appeals Council notified Plaintiff, and attorney

---

[3] *See* AR 121.

7

Pack, that it had issued the "final decision of the Commissioner of Social Security in your case." AR 1-8, at 1. The decision was in keeping with its prior notification, *id.* at 60-64, advising Plaintiff that it had granted his request for review. *Id.* The decision explicitly noted that the ALJ "mistakenly listed small products assembler and fast food worker as jobs that the claimant could perform instead of bakery worker." *Id.* at 5. Excepting this erroneous finding, the Appeals Court adopted the balance of the ALJ's findings. *Id.* at 5-6; *see id.* at 61.

### C. Standard of review.

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "The Appeals Council's decision is the final agency decision for purposes of our review." *Shivel v. Astrue*, 260 F. App'x 88, 90 (10th Cir. 2008) (citing *Fierro v. Brown*, 798 F.2d 1351, 1353-54 (10th Cir. 1986)). "In conducting our review, we neither reweigh the evidence nor retry the case, but examine the record as a whole, including anything that may undercut or detract from the Appeals Council's findings in order to determine if the substantiality test has been met." *Id.* (internal quotation marks and brackets omitted).

### D. Evaluation of Plaintiff's claims.

Plaintiff raises no claim of error by the Appeals Council.

To the extent Plaintiff's request for "review of the final decision of the Commissioner," Doc. 10, at 1, could be construed to assert such error, his primary claim has no factual footing: the Commissioner's final decision relies on Plaintiff's ability to perform the job of a bakery worker. AR 5. Plaintiff did not reply to the Commissioner's argument that there are a significant number of bakery worker jobs in the national economy, and has made no claim of error in that regard. Doc. 12. And, as to his claim regarding a conflict between the testimony of the VE and the DOT on the issue of overhead reaching, Plaintiff, who admits that "[t]he DOT does not speak to the issue of overhead reaching or limitations as to reaching," Doc. 10, at 4, does not support his theory that there could be a direct conflict between the VE's testimony and the DOT under those circumstances. This Court is unable to address contentions for which a claimant fails to develop the factual and legal bases for his arguments. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to speculate on claimant's behalf when argument on an issue is "insufficiently developed").

## IV. Recommendation and notice of right to object.

For the reasons stated, the undersigned Magistrate Judge recommends the Commissioner's final decision be affirmed.

The parties are advised of their right to object to this Report and Recommendation by April 22, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 2nd day of April, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE